**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **OMAR TORAL DOMINGUEZ,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:24 -CV-001237-RP** |
| | § | |
| **CONCRETE PUMPING HOLDINGS,** | § | |
| **INC., BRUNDAGE BONE CONCRETE** | § | **JURY DEMANDED** |
| **PUMPING, INC.,** | § | |
| **CAPITAL PUMPING, LP, and** | § | |
| **CENTEX MATERIALS LLC.** | § | |
| *Defendants.* | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES OMAR TORAL DOMINGUEZ, hereinafter called Plaintiff, of and about

CONCRETE PUMPING HOLDINGS, INC., BRUNDAGE BONE CONCRETE PUMPING

INC., CAPITAL PUMPING, LP, and CENTEX MATERIALS LLC, hereinafter called

Defendants, and for cause of action shows unto the Court the following:

Pursuant to the Court's Order dated March 17, 2025 [**Dkt. 23**], granting Plaintiff's Motion

for Leave to File First Amended Complaint, Plaintiff hereby submits his First Amended Complaint

and accompanying exhibits as a separate filing in compliance with the Court's directive.

**I. PARTIES**

1.1     Plaintiff OMAR TORAL DOMINGUEZ is a resident of Travis County, Texas. He

brings this negligence action on behalf of himself.

1.2     CONCRETE PUMPING HOLDINGS, INC. is a foreign for-profit corporation

organized under the laws of Delaware and the sole owner of Defendant Brundage Bone Concrete

Pumping, Inc. Based upon evidence, information, and belief, Defendant exerts operational and financial control over its subsidiaries, including Defendant Brundage Bone Concrete Pumping, Inc. and Defendant Capital Pumping, LP, and directly manages safety programs and fleet operations across all subsidiaries. It may be served with process through its registered agent, Corporation Service Company, 251 Little Fallas Drive, Wilmington, Delaware 19808. ***Service will be by a process server. Service is hereby requested.***

1.3     BRUNDAGE BONE CONCRETE PUMPING, INC. is a foreign for-profit corporation organized under the laws of Colorado and the sole owner of Defendant Capital Pumping, LP. Based upon evidence, information, and belief, Defendant Brundage Bone Concrete Pumping, INC. exercises direct control over the operations, policies, and safety procedures of its subsidiary Defendant Capital Pumping, LP. It may be served with process through its registered agent, Company Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, Texas 78701. ***Defendant has answered and appeared herein.***

1.4     CAPITAL PUMPING, LP is a Texas domestic limited partnership and a wholly owned subsidiary of Defendant Brundage Bone Concrete Pumping, Inc. Defendant operates under the policies, oversight, and control of Brundage Bone Concrete Pumping, Inc. and is responsible for operating and maintaining the concrete boom pump system at the job site. ***Defendant has answered and appeared herein.***

1.5     CENTEX MATERIALS LLC is a foreign limited liability company organized under the laws of Delaware and engaged in the supply of concrete materials at the jobsite. It may be served with process through its registered agent, CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201. ***Service will be by a process server. Service is hereby requested.***

## II. JURISDICTION AND VENUE

2.1      This Court has original jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332 because this is a dispute between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.2      Venue is properly before this Court under 28 USC § 1391(a) (2), because a substantial part of the events giving rise to this claim occurred in Hays County, Texas.

### III. BACKGROUND

3.1      On or about March 3, 2023, at approximately 12:45 PM, Plaintiff was diligently performing his job duties at the job site located at Center Point Road and Central Park in San Marcos, Hays County, Texas. Plaintiff had no control over the equipment provided for the job and reasonably relied on Defendants to ensure the safety and functionality of the machinery and materials.

3.2      The concrete boom pump truck used at the job site was owned, maintained, and/or leased by Defendant Brundage Bone Concrete Pumping, Inc. and operated by Defendant Capital Pumping, LP. The pump truck included a hydraulically operated boom arm and delivery pipeline, designed to transport concrete at high pressure through a rigid steel pipeline, reducing into a flexible hose at the discharge end. Defendants Brundage Bone Concrete Pumping, Inc. and Capital Pumping, LP were responsible for ensuring that all critical components—including the reducer pipe, couplings, and safety chains—were properly installed, maintained, and secured to prevent dangerous failures.

3.3      Defendant Concrete Pumping Holdings, Inc., as the parent company of Defendant Brundage Bone Concrete Pumping, Inc., exerts operational control over its subsidiaries' policies, safety regulations, and equipment maintenance and is responsible for ensuring that Defendant

Brundage Bone implements adequate safety measures at worksites, including the site where Plaintiff was injured. The public corporate filings for Defendant Concrete Pumping Holdings, Inc. reveal that it manages fleet operations, owns all subsidiary equipment, and enforces company-wide safety policies and protocols applicable to Defendants Brundage Bone Concrete Pumping, Inc. and Capital Pumping, LP. Despite these obligations, Defendant Concrete Pumping Holdings, Inc. failed to ensure that its subsidiaries properly maintained the equipment and enforced necessary safety procedures.

3.4     Based on the evidence, information, and belief, the boom pump truck was operated remotely by Keith Allyn, an employee, agent, and/or representative of Capital Pumping, LP, who was responsible for ensuring the safe operation of the system. At the time of the accident, the pump system was configured to pump concrete into a wall form using a wall pipe and reducer system. The reducer pipe was secured using a 10mm bolt clamp which failed, causing the connected wall pipe and a 90-degree elbow to detach from the boom and fall, striking Plaintiff.

3.5     Defendant Capital Pumping, LP asserts that Greater Austin Development Co. was responsible for monitoring the quality of the concrete mix and ensuring that excessive aggregate did not enter the system. However, this claim does not relieve Defendant Capital Pumping, LP from its duty to ensure that the pump system was properly maintained and that all necessary safety equipment—including safety slings and proper coupling mechanisms—was used.

3.6     Additionally, and/or in the alternative, if Defendants contend that the failure of the pump system was caused by factors beyond their control, Plaintiff asserts that Centex Materials LLC may have contributed to the accident by supplying a concrete mix that was improperly formulated, containing excessive rock and debris, leading to a blockage within the system.

*Plaintiff's First Amended Complaint*                                                          - 4 -

3.7    If the concrete mix contained excessive aggregate, it may have caused or worsened a plugging event (blockage) inside the delivery pipeline. This could have resulted in a rapid pressure surge, which, in combination with Defendant Capital Pumping, LP's failure to properly secure the reducer pipe and other necessary safety measures, led to the catastrophic failure of the system.

3.8    However, even if the concrete mix contained excessive rock or debris, the failure was ultimately due to Defendant Capital Pumping, LP's negligence in failing to secure the reducer pipe, failing to install necessary safety slings, and failing to operate the pump system in a safe manner resulting in significant personal injuries and damages to Plaintiff for which he seeks redress.

## IV. CAUSES OF ACTION AGAINST ALL DEFENDANTS

### A.    NEGLIGENCE AGAINST DEFENDANT CONCRETE PUMPING HOLDINGS, INC.

4.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

4.2    Defendants owed a duty to exercise reasonable care to prevent foreseeable injuries to Plaintiff. The damages suffered by Plaintiff were proximately caused by Defendants' negligent, careless, and reckless disregard of said duty. Defendants' negligence includes, but is not limited to, the following acts and omissions:

- Exercising control over Defendant Brundage Bone Concrete Pumping, Inc. without implementing or enforcing adequate safety measures;
- Failing to properly oversee and ensure the safe operation of its subsidiary, Defendant Brundage Bone Concrete Pumping, Inc.;

*Plaintiff's First Amended Complaint*                                                                 - 5 -

- Allowing its wholly owned subsidiary to lease and operate unsafe equipment without proper inspections;
- Owning and managing all equipment fleet operations but failing to enforce maintenance and safety protocols;
- Failing to implement and enforce corporate safety policies regarding boom pump equipment operation.
- Other acts and/or omissions.

4.3    Each of these acts and omissions, singularly or in combination with others, constitute negligence and proximately caused the occurrence made the basis of this action, including the injuries and damages sustained by Plaintiff.

## B.    NEGLIGENCE AGAINST DEFENDANT BRUNDAGE BONE CONCRETE PUMPING, INC.

5.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

5.2    Defendants owed a duty to exercise reasonable care to prevent foreseeable injuries to Plaintiff. The damages suffered by Plaintiff were proximately caused by Defendants' negligent, careless, and reckless disregard of said duty. Defendants' negligence includes, but is not limited to, the following acts and omissions:

- Failing to ensure that Defendant Capital Pumping, LP followed proper safety protocols and equipment maintenance procedures;
- Allowing the use of defective or improper clamps, leading to catastrophic failure;
- Negligently supervising and overseeing safety operations, leading to unsafe conditions for workers;
- Failing to ensure that all necessary safety mechanisms were in place before operations commenced.
- Other acts and/or omissions.

5.3    Each of these acts and omissions, singularly or in combination with others, constitute negligence and proximately caused the occurrence made the basis of this action, including the injuries and damages sustained by Plaintiff.

## C.      NEGLIGENCE AGAINST DEFENDANT CAPITAL PUMPING, LP

6.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

6.2    Defendants owed a duty to exercise reasonable care to prevent foreseeable injuries to Plaintiff. The damages suffered by Plaintiff were proximately caused by Defendants' negligent, careless, and reckless disregard of said duty. Defendants' negligence includes, but is not limited to, the following acts and omissions:

- Failing to properly inspect, maintain, and repair the boom pump truck and attached equipment before operation;
- Failing to ensure that the reducer pipe was properly secured with all necessary safety features, including a backup chain;
- Negligently allowing the use of unsafe equipment that created an unreasonable risk of harm;
- Failing to supervise their employee, agent, and/or representative Keith Allyn, who was responsible for ensuring safe equipment operation;
- Allowing their employee, agent, and/or representative Keith Allyn to perform modifications on the pump system without proper safeguards.
- Other acts and/or omissions.

6.3    Each of these acts and omissions, singularly or in combination with others, constitute negligence and proximately caused the occurrence made the basis of this action, including the injuries and damages sustained by Plaintiff.

## D.      IN THE ALTERNATIVE, NEGLIGENCE AGAINST CENTEX MATERIALS LLC

7.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

7.2    Defendants owed a duty to exercise reasonable care to prevent foreseeable injuries to Plaintiff. The damages suffered by Plaintiff were proximately caused by Defendants' negligent,

careless, and reckless disregard of said duty. Defendants' negligence includes, but is not limited to, the following acts and omissions:

- Supplying a defective concrete mix that contained excessive rocks, creating blockages in the piping system;
- Failing to properly test and verify the quality of the mix before delivery;
- Providing a concrete mix that did not conform to safety standards, increasing the risk of equipment failure and pressure buildup.
- Other acts and/or omissions.

7.3    Each of these acts and omissions, singularly or in combination with others, constitute negligence and proximately caused the occurrence made the basis of this action, including the injuries and damages sustained by Plaintiff.

## E.    GROSS NEGLIGENCE OF ALL DEFENDANTS

8.1    Defendants' conduct described above constitutes gross negligence. Defendants' acts and omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff. Defendants had actual, subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff.5.5 Plaintiff, therefore, seeks exemplary damages as permitted by Texas Civil Practice & Remedies Code §41.003, in an amount to be determined by the trier of fact.

## F.    NEGLIGENT ACTIVITY OF ALL DEFENDANTS

9.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

9.2    At all material times, Defendants knew or, in the exercise of reasonable care, should have known of the dangerous and hazardous condition related to the improper setup and operation

of the boom pump truck and the defective concrete mix. Defendants had actual knowledge of prior issues with the equipment and failed to take corrective action.

9.3    Defendants were actively engaged in negligent activity by improperly assembling, maintaining, and operating the boom pump truck. Defendants' failure to ensure proper safety mechanisms, such as the backup chain and the proper concrete mix, directly contributed to the hazardous working environment that resulted in Plaintiff's injuries.

9.4    Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the damages to Plaintiff.

## G.    NEGLIGENT UNDERTAKING OF ALL DEFENDANTS.

10.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

10.2    Defendants undertook a duty to ensure the safety of the worksite and to provide properly functioning equipment and materials. In doing so, Defendants assumed responsibility for inspecting, maintaining, and repairing the boom pump truck and ensuring that the concrete mix was safe and free from defects.

10.3    Defendants failed to exercise reasonable care in performing these duties, thereby creating a hazardous worksite and exposing Plaintiff to foreseeable harm. Defendants' failure to properly install safety mechanisms, their decision to use a rocky and defective concrete mix, and their failure to conduct necessary inspections resulted in Plaintiff's injuries.

10.4    Each of these negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages described herein.

**H.    PREMISES LIABILITY OF ALL DEFENDANTS**

11.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

11.2    Defendants, as owners, operators, and controllers of the equipment and materials used at the job site, owed a duty to maintain a safe environment for those working on-site, including Plaintiff. Defendants failed to uphold this duty by allowing unsafe conditions to persist.

11.3    Defendants were negligent in carrying out their duty of reasonable care to keep the premises in a reasonably safe condition for invitees. Defendants' errors and/or omissions in maintaining and operating the boom pump truck and providing a defective concrete mix include, but are not limited to:

- Failing to maintain and inspect the equipment to ensure a safe working environment;
- Failing to warn Plaintiff of the dangers associated with the defective equipment and materials;
- Failing to remedy known hazardous conditions at the job site that led to Plaintiff's injuries;
- Negligently overseeing operations and failing to implement necessary safety measures.
- Other acts and/or omissions.

11.4    Each of these acts and omissions, singularly or in combination with others, constitute premises liability and proximately caused the occurrence made the basis of this action, including the injuries and damages sustained by Plaintiff.

**I.    RESPONDEAT SUPERIOR & VICARIOUS LIABILITY OF ALL DEFENDANTS**

12.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

12.2    Defendant Capital Pumping, LP, and Defendant Brundage Bone Concrete Pumping, Inc., are responsible for the negligent acts of their employees, agents, and/or representatives, including Keith Allyn, under the doctrine of respondeat superior. Keith Allyn was acting within the course and scope of his employment when he failed to properly install safety mechanisms, improperly applied liquid into the system, and failed to ensure that the equipment was functioning safely.

12.3    Alternatively, Centex Materials LLC is responsible for the negligent actions of any employees involved in the preparation and supply of the defective concrete mix that contributed to the hazardous working conditions.

12.4    Each of these acts and omissions, singularly or in combination with others, constitute negligence under the doctrine of respondeat superior and proximately caused the occurrence made the basis of this action, including the injuries and damages sustained by Plaintiff.

## J.    JOINT AND SEVERAL LIABILITY OF ALL DEFENDANTS

13.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

13.2    The acts and omissions of Defendants collectively contributed to Plaintiff's injuries. The failure of Defendant Capital Pumping, LP to maintain safe equipment, the failure of their employee, agent, and/or representative Keith Allyn to follow proper safety protocols, the oversight failures of Defendants Concrete Pumping Holdings Inc. and Brundage Bone Concrete

*Plaintiff's First Amended Complaint*

Pumping, Inc., and/or in the alternative the supply of defective concrete mix by defendant Centex

Materials LLC, all played an integral role in causing the harm suffered by Plaintiff.

13.3    As such, Defendants should be held jointly and severally liable for all damages

suffered by Plaintiff, as their collective negligence and wrongful actions directly caused the

injuries at issue.

## V. DAMAGES

14.1    As a direct and proximate result of the Defendants' negligence, Plaintiff suffered

damages allowed by law for personal injuries in an amount in excess of $75,000.

14.2    As a further result of the Defendant's negligence, Plaintiff OMAR TORAL

DOMINGUEZ has suffered serious and permanent personal injuries. Plaintiff OMAR TORAL

DOMINGUEZ suffered the following injuries:

a) Medical expenses incurred in the past.

b) Medical expenses which in all probability will be incurred in the future.

c) Loss of past earning capacity.

d) Loss of earning capacity which in all probability will be sustained in the future.

e) Physical pain and mental anguish in the past.

f) Physical pain and mental anguish that will in all probability will be sustained in the future.

g) All other damages allowed by law and proven at trial.

14.3    *Exemplary Damages:* The conduct of defendants, described above, was more than

momentary thoughtlessness, inadvertence, or error of judgment. Such conduct indicated a reckless

disregard for others as to make defendants guilty of gross negligence. Defendants' acts or

omissions involved an extreme degree of risk, considering the probability and magnitude of

potential harm to others of which Defendants had actual awareness, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, and plaintiff therefore sues for exemplary damages, pursuant to Texas Civil Practice & Remedies Code §41.003, in the amount determined by the trier of fact.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court issue citation to Defendants to answer, and upon and trial by jury of this matter, enter a judgement against the above-named Defendants for compensatory damages in an amount in excess of $75,000, together with pre- and post- judgement interest, attorneys' fees, costs and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**HILLIARD LAW**

**By:**    ___*/s/ Alexis Elarba*___
Alexis A. Medina
Federal ID No. 3762312
alexiselarba@hilliard-law.com

719 S. Shoreline Boulevard
Corpus Christi, Texas 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015
**Service@hilliard-law.com**
*Electronic service address*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon the following counsel of record in accordance with the FRCP on this 17th day of March 2025.

Jose "JJ" Trevino, Jr.
Bill D. Blanton
VALDEZ & TREVINO, ATTORNEYS AT LAW, P.C.
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Attorneys for Defendant