IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OMAR TORAL DOMINGUEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-1237-RP |
| CAPITAL PUMPING, LP *d/b/a* CAPITAL CONCRETE, et al., | § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Defendant Capital Pumping, LP's ("Capital Pumping") Motion for Leave to Designate Responsible Third Party. (Dkt. 20). Plaintiff Omar Toral Dominguez ("Dominguez") filed an objection and response in opposition. (Dkt. 25). Having considered the parties' briefs, the relevant law, and the record, the Court finds that Capital Pumping's motion should be granted.

**I. BACKGROUND**

This tort case arises from an incident on March 3, 2023, in which Dominguez was injured due to the alleged negligence of Capital Pumping and other named defendants. (Am. Compl., Dkt. 26). Dominguez pleads the following facts in his amended complaint. Dominguez was working at a job site in San Marcos where concrete was being poured. Dominguez was an employee of Greater Austin Development Company ("Greater Austin"), the customer for the job being performed. The concrete boom pump truck used at the job site was owned, maintained, or leased by Defendant Brundage Bone Concrete Pumping, Inc. ("Brundage Bone Concrete Pumping") and operated by Capital Pumping. Brundage Bone Concrete Pumping is the sole owner of Capital Pumping and allegedly directs its operations, policies, and safety procedures. In turn, Defendant Concrete Pumping Holdings, Inc. ("Concrete Pumping Holdings") is the sole owner of Brundage Bone

1

Concrete Pumping and allegedly exerts operational control over its subsidiaries, Brundage Bone Concrete Pumping and Capital Pumping. Defendant Centex Materials LLC ("Centex Materials") was the supplier of the concrete mix being used for the job. (*Id.* ¶¶ 1.2–1.5, 3.1–3.3).

The pump truck being used at the job site included a hydraulically operated boom arm and delivery pipeline, designed to transport concrete at high pressure through a rigid steel pipeline, reducing into a flexible hose at the discharge end. Keith Allyn ("Allyn"), a Capital Pumping employee, allegedly was responsible for ensuring the safe operation of the system. At the time of the accident, the pump system was configured to pump concrete into a wall form using a wall pipe and reducer system. The reducer pipe was secured using a bolt clamp which failed, causing the connected wall pipe and a 90-degree elbow to detach from the boom and fall, striking and injuring Dominguez. (*Id.* ¶¶ 3.2–3.4).

Dominguez asserts that Capital Pumping had a duty to ensure that the pump system was properly maintained, and that all necessary safety equipment was used. He alleges that the accident was caused by Capital Pumping's "negligence in failing to secure the reducer pipe, failing to install necessary safety slings, and failing to operate the pump system in a safe manner." (*Id.* ¶¶ 3.5–3.7). Dominguez sues not only Capital Pumping for this alleged negligence, but also its corporate owners Concrete Pumping and Brundage Bone Concrete Pumping. (*Id.* ¶¶ 4.1–6.3). Alternatively, Dominguez posits that it is possible that the concrete mix could have improperly contained excessive rock and debris, which could have caused a blockage in the system. He alleges that such a blockage, in turn, could have caused a rapid pressure surge, which—in combination with Capital Pumping's alleged negligence to properly secure the pipe and use other safety procedures—could have contributed to the failure of the system. As such, Dominguez also sues Centex Materials as a possible negligent party. (*Id.* ¶¶ 3.6–3.7, 7.1–7.3).

Capital Pumping moves to designate Dominguez's employer, Greater Austin, as a responsible third party pursuant to Texas Civil Practice & Remedies Code § 33.004. Capital Pumping alleges that Greater Austin is responsible, in whole or in part, for the blockage and consequent pipe separation that injured Dominguez. (Mot., Dkt. 20). Dominguez opposes the designation, arguing that Capital Pumping has failed to plead sufficient facts to establish that Greater Austin had any role in causing the incident. (Dkt. 25).

## II. LEGAL STANDARD

The Court has jurisdiction over this action based on diversity. *See* 28 U.S.C. § 1332(a); (Not. Rem., Dkt. 1, at 2). When federal jurisdiction is based on diversity, the court applies the substantive law of the forum state. *James v. Woods*, 899 F.3d 404, 408 (5th Cir. 2018) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 (1938)). The Texas law here governing third-party practice is considered substantive; the responsible-third-party provision is part of the Texas statutory scheme for determining proportionate responsibility in tort actions. *See Jacquez v. Compass Bank*, No. EP-15-CV-26-RFC, 2016 WL 4367599, at *1 (W.D. Tex. Mar. 11, 2016). The Court therefore applies Texas law to the instant motion.

Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort may reduce his liability by a percentage of responsibility attributed to a responsible third party. *Strickland v. Buffalo Wild Wings, Inc.*, No. 3:14-CV-4252-B, 2015 WL 4269968, at *1 (N.D. Tex. July 14, 2015) (citing Tex. Civ. Prac. & Rem. Code § 33.002). Under section 33.004(a) of the Code, a defendant may "seek to designate a person as a responsible third party by filing a motion . . . on or before the 60th day before the trial date." Tex. Civ. Prac. & Rem. Code § 33.004(a). A responsible third party is:

> any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably

3

>dangerous produce, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

*Id.* § 33.011(6). A defendant may designate a third party despite the fact that the party has a defense to liability, cannot be joined as a defendant, or both. *See Galbraith Eng'g Consultants, Inc. v. Pachuca*, 290 S.W.3d 863, 868–69 (Tex. 2009). Even parties who are outside the court's jurisdiction or are immune from liability may be designated responsible third parties. *Fisher v. Halliburton*, 667 F.3d 602, 622 (5th Cir. 2012).

Once a defendant moves for leave to designate a responsible third party, the court must grant leave to designate that party "unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." Tex. Civ. Prac. & Rem. Code § 33.004(f). To successfully prevent designation of a responsible third party, the burden is on the objecting party to show:

>(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
>(2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

*Id.* § 33.004(g).

Under Texas Rule of Civil Procedure 47, a pleading must contain "a short statement of the cause of action sufficient to give fair notice of the claim." Tex. R. Civ. P. 47(a). Texas follows a notice pleading standard, "which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 201 n.17 (5th Cir. 2016). Texas courts have held that "a petition will be construed liberally in favor of the pleader." *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982). Unlike federal proceedings, even conclusory pleadings are upheld if a cause of action can be reasonably inferred from a pleading. *See Edwea, Inc. v. Allstate Ins.*

4

*Co.*, No. H-10-2970, 2010 WL 5099607, at *3 (S.D. Tex. Dec. 8, 2010) (citing *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)).

### III. DISCUSSION

Capital Pumping seeks to designate Greater Austin as a responsible third party for Dominguez's claims. (Mot., Dkt. 20). Dominguez timely filed objections. *See* Tex. Civ. Prac. & Rem. Code § 33.004(f); (Resp., Dkt. 25). Dominguez bears the burden to show that Capital Pumping has not pled sufficient facts concerning the alleged responsibility of Greater Austin to satisfy the Texas Civil Practice and Remedies Code's liberal pleading standard.

In its motion, Capital Pumping asserts that, as the customer and Dominguez's employer for the job, Greater Austin was responsible for:

> monitoring and supervising the concrete-pouring job being performed by Capital Pumping and protecting its employees, by posting a representative at the pump truck hopper, (where the concrete is loaded from the concrete truck) to ensure that the concrete mix being loaded into the hopper was proper for the application and not prone to block or clog the pumping line, while the pump operator operated the pump remotely and away from the hopper.

(Mot., Dkt. 20, at 1). Capital Pumping argues that the incident was caused by the concrete mix being too rocky, which caused a situation where the concrete being poured into the form blocked or clogged the pumping line. "This blockage in turn created pressure inside the piping that the piping connections could not withstand and a blowout and pipe separation occurred." (*Id.* at 2). Capital Pumping states that its operator was near the pouring site and thus depended upon Greater Austin to determine whether the mix being loaded into the pipe contained the proper consistency. According to Capital Pumping, Greater Austin "should have had a qualified person overseeing the process of loading the 'mix' from the concrete truck into the pump truck hopper." (*Id.* at 3). Because of this alleged responsibility, Capital Pumping asserts that Greater Austin is "responsible in whole or part for the blockage and consequent pipe separation" which injured Dominguez. (*Id.*).

5

In response, Dominguez argues that Capital Pumping fails to plead specific facts "to establish that [Greater Austin] had any role in causing the incident" and that they "caused or contributed to causing" Dominguez's injury. (Resp., Dkt. 25, at 1–2). Dominguez accuses Capital Pumping of relying "on conclusory assertions that lack factual support, fail to provide fair notice, and appear to be to attempt to shift blame on Plaintiff's employer." (*Id.*). Dominguez points to a few exhibits that he says proves that Capital Pumping's employee, Allyn, was responsible for the incident because he failed to use proper safety equipment. Specifically, he highlights the supervisor's investigation report, completed by a Capital Pumping supervisor which identifies "not using safety equipment/slings provided" as the primary case of the incident. (*See* Ex. B). He says that this report and other exhibits "confirm that [Greater Austin] had no involvement in the equipment failure and is not a proper Responsible Third Party." (Resp., Dkt. 25, at 2–9).

The Court finds that Dominguez has failed to meet his burden of demonstrating that Capital Pumping has not pleaded sufficient facts regarding the responsibility of Greater Austin to give fair notice of its claims. Capital Pumping has alleged that Greater Austin is partially or wholly responsible for the incident because Greater Austin allegedly should have stationed someone to oversee the loading process to ensure that the concrete mix was not too rocky. Dominguez contends that his evidence contradicts Capital Planning's allegations and demonstrates that Capital Pumping, not Greater Austin, is responsible for the incident. The issue, however, is not whether the evidence conclusively demonstrates whether Capital Pumping or Greater Austin is responsible. Rather, the issue is whether Capital Pumping has pled facts concerning the alleged responsibility of Greater Austin sufficient to meet the liberal fair notice pleading standard required by Texas law. Capital Pumping's motion meets this standard because it sufficiently puts all parties on notice of the alleged nature of Greater Austin's responsibility.

The Court notes that its grant of Capital Pumping's motion at this stage of the litigation does not preclude a party from later challenging the designation. Texas law governing the designation of responsible third parties provides:

> After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The Court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

Tex. Civ. Prac. & Rem. Code § 33.004(l). Should any party desire to file a motion under Section 33.004(l), such a motion must be filed no later than the deadline for filing dispositive motions.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Capital Pumping's Motion for Leave to Designate Responsible Third Party, (Dkt. 20), is **GRANTED**.

**IT IS FURTHER ORDERED** that Greater Austin Development Company is designated as a responsible third party in this action.

**SIGNED** on April 2, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE