IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OMAR TORAL DOMINGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-1237-RP |
| | § | |
| CONCRETE PUMPING HOLDINGS, INC., et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Defendant Capital Pumping, LP ("Capital Pumping") removed this personal injury case to this Court from the 126th District Court of Travis County on October 15, 2024. (Dkt. 1). Before the Court is a Motion to Remand filed by Plaintiff Omar Toral Dominguez ("Dominguez"). (Dkt. 39). Defendants Concrete Pumping Holdings, Inc., Brundage Bone Concrete Pumping, Inc., and Capital Pumping Inc. (together, "Defendants") filed a response on September 30, 2025, (Dkt. 41), and Plaintiff filed his reply on October 6, 2025, (Dkt. 42). Having considered the parties' submissions, the applicable law, and the record, the Court finds the motion should be granted.

**I. LEGAL STANDARD**

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds $75,000. *Id.* § 1332(a)(1). Removal cases raise significant federalism concerns; "the effect of removal is to deprive the state court of an action properly before it." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995)). As a result, the removal statute is "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* The party seeking removal "bears the

1

burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## II.  DISCUSSION

In his motion to remand, Plaintiff argues that this case must be remanded because the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332. (Mot., Dkt. 39, at 1). Plaintiff, a citizen of Texas, asserts that one of the Defendants in the instant matter—Centex Materials LLC ("Centex Materials")—has its principal place of business in Texas, and therefore the case does not have complete diversity as is required under 28 U.S.C. § 1332. (*Id.*). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

Centex Materials was joined as a Defendant in this matter when Plaintiff filed his First Amended Complaint, (Dkt. 26), upon the Court granting his Motion for Leave to File, (Dkt. 23). In Plaintiff's First Amended Complaint, Plaintiff alleges that "CENTEX MATERIALS LLC is a foreign limited liability company organized under the laws of Delaware and engaged in the supply of concrete materials at the jobsite. It may be served with process through its registered agent, CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201." (Am. Compl., Dkt. 26, at 2). Centex Materials was served and answered on April 11, 2025. (Dkt. 32). Now, in the instant motion, Plaintiff contends that his counsel T. Christopher Pinedo discovered that incomplete diversity exists because Centex Materials's principal place of business is Texas, according to official filings with the Texas Comptroller for Public Accounts. (Mot., Dkt. 39, 2–3).

When evaluating whether diversity jurisdiction exists, the citizenship of a limited liability company ("LLC") depends on the citizenship of all its members. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "If the members or partners are themselves partnerships, LLCs, or

corporations, their citizenship must be traced through however many layers of members or partners there may be." *Foot Locker Retail, Inc. v. Cardenas*, No. SA-21-CV-00564-XR, 2021 WL 5055059, at *2 (W.D. Tex. Nov. 1, 2021) (citing *Muslow Land & Timber, Inc. v. Chesapeake Exploration Ltd. P'ship*, No. 09-cv-0211, 2009 WL 367729 (W.D. La. Feb. 11, 2009)). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Furthermore, as the parties claiming jurisdiction, Defendants bear the burden of proving diversity. *Id.* at 96.

The Texas Franchise Tax Public Information Report ("Report") for Centex Materials which Plaintiff attached to his motion states that Centex Materials's principal place of business is Dallas, Texas. (Report, Dkt. 39-1, at 3). The Report also states that Centex Materials is 100% owned by Eagle Materials Inc., which was formed in Delaware and has a registered agent in Dallas, Texas. (*Id.*). Eagle Materials Inc.'s principal place of business appears to be Dallas, Texas.[1] Further, Defendants do not contest Plaintiff's allegation that Centex Materials's principal place of business is Texas and do not provide any competent proof to support diversity jurisdiction in the face of Plaintiff's challenge. (Resp., Dkt. 41; Mot., Dkt. 39, 2–3; *see Hertz Corp.*, 559 U.S. at 96).

Any ambiguities as to federal subject matter jurisdiction "are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Given that instruction, and given that it appears to the Court that Centex Materials is a citizen of both Delaware and Texas, the Court will remand this case. Based on the parties' submissions and the record, complete diversity is lacking

---

[1] For example, Eagle Materials Inc.'s LinkedIn page lists its headquarters and "primary" location as Dallas, Texas. *See* https://www.linkedin.com/company/eagle-materials.

pursuant to 28 U.S.C. § 1332. If no party has been improperly joined[2] and complete diversity is lacking, this Court lacks subject matter jurisdiction and must remand the case.

In their response to Plaintiff's motion, Defendants requested that the Court remand this matter to Hays County, Texas if the Court decided to grant Plaintiff's motion. (Resp., Dkt. 41, at 2). The Court agrees with Plaintiff that this request is procedurally improper. (Reply, Dkt. 42, at 2–3). This Court may only remand a matter to the state court from which it was removed in accordance with 28 U.S.C. § 1447(d).

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand, (Dkt. 39), is **GRANTED** and this action is **REMANDED** to the 126th Judicial District Court in Travis County, Texas.

**SIGNED** on November 12, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Defendants did not assert that Centex Materials, or any other party, was improperly joined by Plaintiff. (Resp., Dkt. 41).